# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

**April 27, 2020**

**Via ECF**

Hon. Steven I. Locke, USMJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, New York 11722

<u>Re: Carlos Saravia v. Royal Guard Fence Co., Inc. et al</u>.
    Case No.  19-CV-02086 (DRH)(SIL)
    Response to Motion to Compel (ECF No. 26)

Dear Magistrate-Judge Locke:

     My firm represents Plaintiff in the above-referenced action, and I respectfully write in response to Defendants' motion to compel discovery in this matter. (ECF No. 26).  The subject motion should be denied as discovery has and should be stayed until the Court rules on the issues before it that were the subject of the January 9, 2020 hearing.

     By way of background, this case was interrupted when my office received a letter purporting to terminate me and dismiss the case. On September 24, 2019, I emailed defense counsels who agreed to adjourn the September 26, 2019 status conference in light of the letter and the need to sort out the situation – the conference was adjourned to November 20, 2019. On November 14, 2019, I notified the Court of the circumstances and attached a copy of the letter dated September 4, 2019. (See ECF Nol. 15).  At the November 20, 2019 conference, this Court recognized the serious issues raised by the September 4, 2019 letter and the surrounding circumstances and scheduled a hearing which was eventually held on January 9, 2020 after which submissions were made.

     Towards the end of the January 9, 2020 hearing, the attorneys discussed discovery and the status conference that was scheduled for that day as well, and appeared to agree that discovery and the conference should be held in abeyance until the Court rules on the issues that were the subject of the January 9, 2020 hearing. In this regard, the following exchange occurred:

1

>January 9, 2020 Transcript pg. 97
>1 MR. PALLACI: Just one housekeeping item, your
>2 Honor.
>3 We are also on for a pretrial conference today.
>4 I assume that will be held in abeyance.
>5 THE COURT: Let's hold it in abeyance.
>6 Anything else?

It appears that the defense now seems to disingenuously split hairs and claim that while the discovery conference was held in abeyance, discovery was not held in abeyance – a position that is contrary to reality, logic and commonsense. Once again, the whole purpose of holding the discovery conferences since September 26, 2019 in abeyance because of the September 4, 2019 letter, is because it was the intent of the parties and the Court to hold discovery in abeyance. Consistent with this view, it does not appear that defense counsels sought any discovery since my September 24, 2019 email to them.

More notably, it does not appear that defense counsels sought any discovery from Plaintiff since the January 9, 2020 hearing because they clearly understood that discovery as well as the discovery conferences were held in abeyance. It was only after Plaintiff's March 31, 2020 filing (ECF No. 25), pointing out continued lack of candor by the defense towards the Court, that the defense almost immediately on April 1, 2020 began a series of actions that appeared to be a strange reaction to Plaintiff's post hearing submissions and without any proper legal purpose.

First, on April 1, 2020, defense counsel Ziskin began a series of emails insisting that we stipulate to amend the caption to change the name of one of the individual defendants – we declined the invitation because the subject induvial defendant was not incorrectly named in the caption and we had made it clear that said defendant was the Ralph Guercia who testified at the January 9, 2020 hearing and we never claimed that said Defendant was anyone else.

Second, after threatening a motion over the caption issue, defense counsels then insisted that there must be discovery. I then reminded them that discovery was held in abeyance pending the Court's ruling on the issues raised at the January 9, 2020 hearing – something they obviously knew from the day of the hearing and reflected in the fact that they never requested any discovery after the hearing and were only doing so after the March 31, 2020 submission and in an apparent attempt to deflect from the substance of that submission.

Additionally, apart from the understanding that discovery was held in abeyance, the nature of the pending issues, also requires that discovery be stayed. For example, Defendants argue that Plaintiff's counsel should be prevented form represented Plaintiff and that the case should be terminated in light of the September 4, 2019 letter. Also, Plaintiff is seeking a striking of Defendants' answers and appropriate sanctions on the defense. Obviously, discovery cannot proceed if the role of counsels on both sides are issues to be decided by the Court and where the Court itself is faced with decisions that may terminate the case in favor of one side or the other.

Therefore, it is respectfully requested that this Court reiterate and clarify that discovery has been held in abeyance pending a ruling on the issues currently before the Court from the

January 9, 2020 hearing and post-hearing submissions. At minimum, the Court should exercise its discretion and hold discovery in abeyance pending its rulings on the subject issues.

      I thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan          
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**      **Defense Counsels via ECF**